Brian C. Lake  (AZ Bar #020543)
(admitted *pro hac vice*)
Aaron Welling  (Nev. Bar #13418)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Fax:  602.648.7000
BLake@perkinscoie.com
AWelling@perkinscoie.com
DocketPHX@perkinscoie.com

David R. Koch  (Nev. Bar #8830)
Koch & Scow LLC
11500 S. Eastern Ave., Suite 210
Henderson, Nevada  89052
Telephone:  702.318.5040
Fax:  702.318.5039
dkoch@kochscow.com

*Attorneys for Defendants*
*Amazon.com.NVDC, LLC and*
*Amazon.com, Inc.*

Jessica L. Woelfel (Nev. Bar #1885)
Lisa Wiltshire Alstead (Nev. Bar #10470)
McDONALD CARANO LLP
P.O. Box 2670
Reno, Nevada 89505
Telephone: (775) 788-2000
jwoelfel@mcdonaldcarano.com
lalstead@mcdonaldcarano.com

*Attorneys for Plaintiff 1600 East Newlands Drive, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1600 EAST NEWLANDS DRIVE, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM.NVDC, LLC, a Delaware limited liability company f/k/a AMAZON.COM.NVDC, INC.; AMAZON.COM, INC., a Delaware Corporation; and DOES I-X; and ROE CORPORATIONS XI-XX, inclusive,<br><br>Defendants. | No. 3:17-cv-00566-HDM-WGC<br><br>**PROTECTIVE ORDER**<br><br>(Hon. William G. Cobb) |

Having received and considered the parties' Stipulation for Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and good cause appearing,

**IT IS HEREBY ORDERED** that the following procedures shall apply to confidential documents and information produced or disclosed in this case:

I. **CONFIDENTIAL INFORMATION.**

A. **Definition of "Confidential".**

"Confidential Information" means any non-public testimony, information, documents or data that the designating party or third-party discovery respondent in good faith believes contains confidential, sensitive, business, personal or proprietary information. Confidential Information may include any document or information produced, disclosed or exchanged in accordance with the Federal Rules of Civil Procedure or by agreement, including, without limitation, initial and supplemental disclosures, interrogatory answers, responses to requests for admission, responses to subpoenas, responses to requests for production and any other documents or information produced in response to discovery requests, or contained in deposition testimony and exhibits, pleadings, motions, briefs, affidavits, declarations and any other discovery or disclosure made in this litigation.

Confidential Information does not include (1) any information which a party lawfully possessed, obtained or developed other than through discovery in this action; or (2) any information that is or becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel.

B. **Designation of "Confidential" Information.**

The parties and third-party discovery respondents may designate Confidential Information in this action by stamping, labeling or otherwise appropriately marking the documents or information as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER". A party must designate information as Confidential prior to producing the information to the other party. A party may remedy an inadvertent failure to designate produced documents or other materials by providing a supplemental notice and

designation to the other party within thirty (30) business days after the producing party first learns that it inadvertently failed to designate the information as Confidential. Following such notice, the identified materials shall be fully subject to this Protective Order; however, there shall be no sanction for any use or disclosure of such information prior to the supplemental notice and designation.

With respect to discovery responses that contain or constitute Confidential Information, the responding party shall include a "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" designation, as appropriate, on the first page of the discovery response, and on each page of the document containing Confidential Information.

Any party may designate any portion of a deposition as Confidential by notifying the other parties on the record during the deposition or in writing within thirty (30) calendar days after receipt of the deposition transcript. The deposition transcript shall be treated as "Confidential" during this thirty-day period. Each court reporter and videographer participating in any deposition in this action shall be informed of, and provided with a copy of, this Protective Order. When directed, each court reporter shall designate those portions of the deposition transcript(s) with the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" as appropriate.

### C. Related Documents.

The terms of this Protective Order shall extend to and protect (1) all copies, extracts and complete or partial summaries prepared from documents or information designated as Confidential; (2) portions of deposition transcripts that contain or reflect the content of any documents or information designated as Confidential; (3) portions of briefs, memoranda or any other writing filed with the Court and any exhibits thereto that contain or reflect the content of any documents or information designated as Confidential; and (4) designated testimony taken at a hearing or other proceedings that contains or reflects the content of any documents or information designated as Confidential.

**II. CHALLENGES TO DESIGNATIONS.**

If a party challenges the confidentiality designations of any Confidential Information, the party shall provide the designating party with written notice of its challenge. The parties shall meet and confer in good faith within seven (7) calendar days of the notice and utilize their best efforts to attempt to resolve the dispute. If the parties are unable to resolve the dispute within seven (7) calendar days of the meet and confer, the party challenging the confidentiality designation may seek appropriate relief from the Court. The designating party bears the burden of proving that the Confidentiality designation is appropriate under the circumstances.

If a party challenging the designation of information as Confidential seeks relief from the Court, the protections of this Protective Order will continue to apply to the designated information until the matter is decided by the Court.

**III. ACCESS TO AND USE OF INFORMATION.**

    **A. Use of Confidential Information for Litigation Purposes Only.**

All Confidential Information received in this action, whether through disclosures, discovery or otherwise, shall be used solely for purposes of this action and not for any other purpose.

    **B. Access to Confidential Information.**

Information designated as Confidential Information, and any information or materials derived therefrom, shall only be disclosed to, made available to, or used by:

        1. Outside counsel for the parties and their employees or contractors, to whom disclosure of Confidential Information is necessary for purposes of the litigation;

        2. In-house counsel for a party;

        3. The Court and its personnel in any proceeding in this action;

        4. The author or identified recipient of the Confidential Information;

5. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition;

6. Upon execution of an Acknowledgement in the form attached as Exhibit A, individual parties and the officers, directors or employees of corporate parties who are assisting with or evaluating this action;

7. Upon execution of an Acknowledgement in the form attached as Exhibit A, deposition or trial witnesses who are not officers, directors or employees of the parties, during their deposition or trial testimony, to whom disclosure is reasonably necessary (with the understanding that witnesses may receive a copy of all exhibits marked or used during their deposition or testimony in connection with their review of the transcripts, but shall not retain copies of Confidential documents);

8. Upon execution of an Acknowledgement in the form attached as Exhibit A, insurers of the parties who require the information to assist in or evaluate this action;

9. Upon execution of an Acknowledgement in the form attached as Exhibit A, independent experts who have been retained by the parties in this action or their counsel of record;

10. Upon execution of an Acknowledgement in the form attached as Exhibit A, graphics, design, jury consultant or focus group services retained by the parties or counsel;

11. Upon execution of an Acknowledgement in the form attached as Exhibit A, third party vendors retained by the parties or counsel to assist with the preservation of documents, electronic discovery for this lawsuit, document review for this

lawsuit, or the collection and production of documents and Confidential Information in this lawsuit;

12. Upon execution of an Acknowledgement in the form attached as Exhibit A, any third-party mediator jointly selected by the parties or appointed by the Court; and

13. Any other person to whom the designating party agrees in writing.

Parties shall disclose copies of Exhibit A, as executed by persons receiving Confidential Information (except for non-testifying expert consultants), to counsel of record in this action within fifteen (15) days of execution.

### C. Information Submitted to the Court.

Any party filing any paper with the Court that contains or discloses the substance or content of information designated as Confidential Information shall move to file the paper under seal concurrently with the filing of the papers. Such paper shall be filed and kept under seal until further order of the Court.

Subject to the Federal Rules of Evidence, and notwithstanding the foregoing, nothing in this Protective Order affects in any way the admissibility of any documents, testimony or other evidence at trial, or restricts the use of information at trial. Any party who intends to use at trial another party's or third-party discovery respondent's Confidential Information shall give the designating party reasonable notice of the intention to use such Confidential Information sufficiently in advance of trial so that the designating party has a reasonable opportunity to request that such material be received in camera, redacted, filed under seal or received by the Court under other conditions to prevent unnecessary disclosure in accordance with any applicable court rules and procedures. The Court may then determine whether the proffered evidence shall be treated as Confidential Information and, if so, what protection may be afforded to such evidence at the trial or hearing.

### D. Subpoena for Confidential Information.

If any Confidential Information governed by this Order is subpoenaed or requested from a party who has received such Confidential Information pursuant to this Order by a court, administrative body, legislative body or any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena or request is directed shall give immediate written notice of the subpoena or request to the party that designated the Confidential Information and include a copy of the subpoena or request.  Upon receipt of the notice specified in this paragraph, the designating party shall be responsible for obtaining any order it believes necessary to prevent disclosure of Confidential Information.  The person or party to whom the subpoena or request is directed shall not produce any Confidential Information absent (1) receipt of written notice from the party that designated the Confidential Information stating that the party does not object to production of the Confidential Information; (2) final resolution of any objection asserted by the designating party; or (3) order requiring production issued by any court with jurisdiction over the subpoenaed person or party.  If, however, the designating party does not respond or otherwise take any action to obtain an order of protection for the Confidential Information, then the party in receipt of the subpoena or other request as described above may comply with the subpoena or request pursuant to the applicable rules of civil procedure.

### IV. DISCLOSURE OF CONFIDENTIAL INFORMATION.

If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every reasonable effort to retrieve such Confidential Information or Customer Information and to prevent further disclosure.

### V. CONFIDENTIALITY OF A PARTY'S OWN DOCUMENTS.

Nothing in this Protective Order shall affect the right of the producing or designating party to disclose to its own officers, directors, employees, consultants or

experts, or to any other person, information or documents the party has designated as Confidential Information.

## VI. **TERMINATION OF LITIGATION.**

Within sixty (60) calendar days of the final resolution of this action, including any appeal, all persons subject to the terms of this Protective Order shall (1) destroy, or assemble and return to the producing party, all Confidential Information; and (2) destroy any outlines, summaries, abstracts, compilations, memoranda or other documents, which constitute, embody, contain or disclose the contents of the Confidential Information; except that counsel of record in this action may retain one archival copy of pleadings and other Court filings, deposition transcripts, deposition exhibits, trial transcripts, trial exhibits, correspondence, legal research memoranda, and work product.

The terms of this Protective Order shall survive and remain in full force and effect after the final conclusion or resolution of this action. The Court shall retain jurisdiction over the parties, their counsel, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof and may impose appropriate sanctions for violation of this Protective Order.

## VII. **ADDITIONAL PROTECTION.**

Nothing in this Protective Order shall preclude any party from seeking and obtaining, on a sufficient showing, additional protection with respect to the confidentiality of documents or other discovery material. Likewise, nothing in this Protective Order shall preclude a party from seeking relief from this Protective Order with respect to particular documents or discovery material designated hereunder.

## VIII. MODIFICATION.

The terms of this Protective Order may be modified by (1) agreement of the parties or (2) order of this Court for good cause appearing, upon application by any party or upon the Court's own order.

### ORDER

Paragraph III, C - Information Submitted to the Court is **modified** to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR 1A 10-5 and the dictates of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also, Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph VI - Termination of Litigation is **modified** to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: January 10, 2018.

*William G. Cobb*
_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**Agreement to the Terms of the Protective Order in**
*1600 East Newlands Drive, LLC v. Amazon.com.NVDC, LLC and Amazon.com, Inc.*
**(U.S. District Court for the District of Nevada,**
**Case No. 3:17-cv-00566-HDM-WGC)**

I, _____, being a person authorized under the Protective Order in the above-named action to have access to Confidential Information protected by the Protective Order, have read and understood the Protective Order, and hereby agree to comply with and be bound by the terms of the Protective Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the District of Nevada for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceeding occurs after termination of this action.

DATED: _____

_____

Print Name and affiliation:

_____

of _____

138115535.1