UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1600 EAST NEWLANDS DRIVE, LLC, | |
| Plaintiff, | Case No. 3:17-cv-00566-RCJ-WGC |
| vs. | **ORDER** |
| AMAZON.COM.NVDC, LLC, et al., | |
| Defendants. | |

After a bench trial where the Court granted some but not all of Plaintiff's requested relief, Plaintiff moves for attorney fees and litigation costs pursuant to the contract between the parties. For the reasons stated herein, the Court grants this motion in part and denies it in part, reducing the amount of fees that this Court grants to Plaintiff from the requested $530,490.59 to $305,192.57.

**FACTUAL BACKGROUND**

This case arises from a landlord-tenant dispute over a warehouse property. Plaintiff sought four months of holdover rent and damages to the property exceeding normal wear and tear. Defendants disputed these claims and sought damages for the replacement of certain swamp coolers. At trial, the Court denied Defendants' claim and held that Defendants were liable to

Plaintiff for two months holdover rent and triple net expenses, for some of the cost of certain repairs, and for prejudgment interest at the default rate set by Nevada statute. Pursuant to the December 14, 1998 Lease Agreement, the parties agreed that

> If any action for breach of or to enforce the provisions of this Lease is commenced, the court in such action shall award to the party in whose favor a judgment is entered, a reasonable sum as attorney's fees and costs. The losing party in such action shall pay such attorney's fees and costs.

Plaintiff's Trial Exhibit 1-A § 12.01.

Based on this provision, Plaintiff moves for attorney fees in the total amount of $500,419.50. (ECF No. 163.) This amount is the sum that Plaintiff incurred from its prior counsels, McDonald Carano Wilson LLP (MCD) and Rossi, Hamerslough, Reischl & Chuck (Rossi), and its current counsel, Law Office of Jerry M. Snyder (Snyder). Rossi's only involvement is in the preparing of a demand letter for a total of $1,232.00 of work. MCD represented Plaintiff until it withdrew as Plaintiff's counsel in November 2019 after the Court ruled on summary judgment. (ECF Nos. 103 and 105.) Before this withdrawal, MCD has charged $340,958.96 for 1,312.75 hours of work billed at an average rate of approximately $259.73 per hour. (ECF No. 163-2 at 45 of 187.) MCD was charging interest on unpaid invoices at 1.5% monthly, which amounted to an additional $54,818.54 as of September 4, 2020. Snyder began representing Plaintiff after MCD's withdrawal in December 2019. (ECF No. 106.) Snyder has charged Plaintiff $103,410.00 for approximately 344 hours of work billed at $300 per hour. Plaintiff additionally seeks $30,071.09 in litigation costs, which include filing fees, court reporter fees, travel costs, document production and copying costs, and Westlaw fees. In total, Plaintiff seeks $530,490.59.

Defendants challenge Plaintiff's requested figure raising a number of objections. First, Defendants object to the fact that the list of hours spent by various MCD employees on this case is heavily redacted. To address this objection, Plaintiff attached an unredacted copy to its reply.

(ECF No. 165-1.) Defendants move to strike this new attachment as violative of LR 7-2(g). (ECF No. 166.) Second, Defendants next claim that many of MCD's time entries are impermissibly lumped together in block billed entries. Third, Defendants argue that much of the work was duplicated from MCD's ten timekeepers and that partners performed much of the work that should have been delegated to associates. Fourth, Defendants posit that the hours that Plaintiff spent on its motions for summary judgment were unreasonable as the motions had no likelihood of success on the merits. Fifth, Defendants object to the inclusion of interest from MCD to Plaintiff for overdue payments. For the first time in its reply, Plaintiff counters that it is actually entitled to prejudgment interest for the entire amount of attorney fees from when the complaint was served. (ECF No. 165 at 6.) Defendants also move to strike this argument as violative of Ninth Circuit case precedent. (ECF No. 166 at 2.)

**ANALYSIS**

*I.  Motion to Strike*

The Court will first address Defendants' motion to strike as this affects the universe of available evidence and arguments. Defendants seek to strike the unredacted copy of the time sheet, which Plaintiff provided for the first time in a reply. The only reason provided for the redactions in the filing was "to eliminate disclosure of privileged attorney-client communications and attorney work product." (ECF No. 163-1 ¶ 16.) Even if this reason were sufficient,[1] the proper procedure would be to file the redacted copy and to submit an unredacted copy with the Court. *See, e.g.*, *Parker W. Int'l, LLC v. Clean Up Am., Inc.*, 2009 WL 2002950, at *1 (N.D. Cal. July 6,

///

---

[1] Plaintiff impliedly concedes that this reason was improper by now producing an unredacted copy. And many of the entries were clearly not privileged. For example, an August 11, 2017 entry for Lisa Wiltshire Alstead reads, "Review email from opposing counsel re [redaction]." An email from opposing counsel by definition cannot be privileged.

2009) ("Billing records may be redacted for privilege, with the unredacted copies to be submitted to the Court for in camera review.").

Where a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n. 3 (9th Cir. 1993). "A party may not file supplemental . . . evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." LR 7-2(g); *see also In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir. 2011) ("District judges must adhere to their court's local rules, which have the force of federal law." (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)). A district court thus cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *see Pacquiao v. Mayweather*, No. 2:09-CV-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010).

As it stands now, Plaintiff could and should have filed the unredacted copy with its motion, providing Defendants with an opportunity to inspect and respond to the exhibit. There is no indication that this evidence could only have been provided in response to Defendants' opposition to the motion. This Court therefore strikes this exhibit.

The Court similarly finds that it should strike Plaintiff's new argument in its reply. In its motion, Plaintiff only requested the interest that the law firm charged for late payments (1.5% per month). Plaintiff provided no authority for including this late fee. When Defendants challenged the inclusion of this fee in its opposition, Plaintiff changed course and argued that it is "entitled to recover prejudgment interest on" the entirety of attorney fees award. (ECF No. 165 at 5.) Similar to the new exhibit, Defendants were not provided with an opportunity to respond to this new

///

argument and it could have been raised in the original motion. For these reasons, the Court grants Defendants' motion to strike in full.

## II. Motion for Attorney Fees and Costs

The Court now turns to the merits of Plaintiff's motion for attorney fees and costs. Plaintiff seeks a total of $530,490.59. The Court will analyze Defendants' objections to this figure. All of these objections apply to MCD's fee of $395,777.50. First, Defendants object to the fact that the list of hours spent by various MCD employees on this case is heavily redacted. (*See, e.g.*, ECF No. 163-2 at 3 of 187 (entry which reads, "Review and analyze [redacted]").) Second, many of MCD's time entries are impermissibly lumped together in block billed entries. For example, Defendants point to an entry dated 10/15/2018, which reads "Prepare email to client re [redacted]; receipt and review of [redacted]; continue to draft Motion for Summary on claims" for one hour of work by Ms. Lisa Wiltshire Alstead. Third, Defendants object to the inclusion of interest from MCD to Plaintiff for overdue payments. The Court agrees with these objections the redactions and block billing make it for this Court impossible to determine whether a large number entries are reasonable (over 75% percent of MCD's time entries contain at least some redaction). Similarly, the Court agrees with Defendants that they should not be responsible for interest charged by MCD to Plaintiff for its failure to timely pay MCD. *See, e.g.*, *Barefoot Architect, Inc. v. Bunge*, No. CV 2004-99, 2014 WL 12744795, at *13 n.31 (D.V.I. Apr. 29, 2014). For these reasons, the Court finds that it should exclude the approximately $50,000 MCD charged Plaintiff in late fees and reduces the base attorney fees amount by 50% reduction for the fees charged by MCD.

The Court disagrees with the remaining objections lodged by Defendants. Defendants claim that MCD improperly had partners conduct work that associates should have performed. However, this is based on a misconception that MCD "billed nearly 3.5 times as many partner hours as associate hours." Defendants mistakenly classifies all of one of MCD's attorneys, Ms.

1 Wiltshire Alstead, as work performed by a partner. Ms. Wiltshire Alstead performed 2 approximately 83% of the attorney hours billed to Plaintiff. Ms. Wiltshire Alstead was promoted 3 to partner during the course of the MCD's representation of Plaintiff and continued to bill at her 4 associate's billing rate for her work in this case. Once accounting for Ms. Wiltshire Alstead's work 5 as an associate, MCD's ratio of partner to associate hours is reasonable. Next, Defendants claim 6 that much of the work was duplicated from MCD's ten timekeepers. While Plaintiff did have a 7 total of ten timekeepers, five of them only account for seventeen and a half hours of labor, which 8 is approximately 1% of the hours charged. The Court finds this to be reasonable. Last, Defendants 9 argue that the hours that Plaintiff spent on its motions for summary judgment were unreasonable 10 as the motions had no likelihood for success on the merits. While the Court largely denied the 11 motions, the Court disagrees that they were frivolous. Even if these motions were not likely to 12 succeed, it did limit the issues for this Court to resolve at trial and crystallized them for a speedy 13 trial.

14 In sum, the Court reduces MCD's attorney fees cost by excising the interest rate that MCD 15 charged to Plaintiff for late payments and reducing that amount further by 50% but does not reduce 16 the remaining fees. This means that Defendants are liable for $170,479.48 for MCD's fees, 17 $103,410.00 for Snyder's fees, $1,232.00 for Rossi's fees, and $30,071.09 for litigation costs. This 18 amounts to a total of $305,192.57.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees and Costs (ECF No. 163) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendants are liable to Plaintiff for $275,121.48 in attorney fees.

IT IS FURTHER ORDERED that Defendants are liable to Plaintiff for $30,071.09 in litigation costs.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (ECF No. 166) is GRANTED.

IT IS FURTHER ORDERED that the argument that Plaintiff is entitled to prejudgment interest on the attorney fee award raised in its reply (ECF No. 165) and the exhibit attached to its reply (ECF No. 165-1) are STRICKEN.

IT IS SO ORDERED.

Dated December 11, 2020.

_____
ROBERT C. JONES
United States District Judge