UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1600 EAST NEWLANDS DRIVE, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AMAZON.COM.NVDC, LLC, *et al*.,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00566-RCJ<br><br>ORDER |

　　　　Before this Court are Defendants' Motion to Vacate Order Awarding Plaintiff Attorneys' Fees and Costs (ECF No. 188) and Motion for Attorney Fees and Costs (ECF No. 190). Defendant filed these motions in December 2021 and January 2022 respectively, and Plaintiff has not filed an opposition to either. The Court therefore grants Defendants' Motion to Vacate as unopposed under LR 7-2(d) but must still examine the motion for attorney fees.

　　　　Per the contract at issue in this case, the prevailing party is entitled to attorney fees and litigation costs incurred for disputes based upon the contract. (ECF No. 174.) According to the Ninth Circuit Opinion (ECF No. 185), Defendants have prevailed on all accounts. The Ninth Circuit has instructed this Court to enter judgment in favor of Defendants for all of Plaintiff's claims as well as their counterclaim.

Defendants' attorneys have filed affidavits, attesting to their hours worked on this five-year-old case, their hourly rates, various work they performed with this time, and the efforts they made to resolve this case efficiently. Multiplying their hours worked by their hourly rates, they calculate the lodestar figure to be $1,557,978. "The lodestar amount is presumptively the reasonable fee amount." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

A court may nonetheless adjust the lodestar fee upon the consideration of the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (abrogated on other grounds).

The Court has considered all these factors and finds the lodestar figure reasonable. Particularly important to this case, the Court notes that Defendants have attempted to settle on several occasions with Plaintiff, who always declined Defendants' proposals. Considering that Plaintiff ultimately lost this case, all of Defendants' proposals would have placed Plaintiff in a better position and avoided much of the fees and costs incurred. The Court accordingly awards the lodestar figure to Defendants.

In addition, Defendants attest they incurred $91,177.84 in costs and expenses litigating this case. They itemized these costs in their counsel's affidavits. (ECF Nos. 190-1 Ex. 2; 190-2 Ex. A.) The Court awards these expenses as well as dictated by the contract.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Vacate (ECF No. 188) is GRANTED.

IT IS FURTHER ORDERED that the attorney fee award from this Court's Order (ECF No. 174) is VACATED.

IT IS FURTHER ORDERED that Defendants' Motion for Attorney Fees and Costs (ECF No. 190) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is liable to Defendants for $1,649,155.84 in attorney fees and costs, plus post-judgment interest.

IT IS SO ORDERED.

Dated May 12, 2022.

_____
ROBERT C. JONES
United States District Judge